UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SANDY J. BATTISTA,               )
    Plaintiff,                   )
                                 )
vs.                              )      C.A. NO. 04-10890-MEL
                                 )
MARYANNE PERCUOCO, et al.,       )
    Defendant's.                 )

## PLAINTIFF'S MOTION FOR LEAVE TO REEVALUATE
## IN FORMA PAUPERIS STATUS

Plaintiff, Sandy J. Battista, acting pro-se in the above entitled matter, respectfully requests this court for leave to reevaluate her in forma pauperis status. As grounds, plaintiff states the following:

1) On 5/24/04, this Court (Lasker, J.) denied plaintiff's Application to Proceed Without Prepayment of Fees. (On file).

2) On 5/28/04, plaintiff filed her notice of intent to file an [interlocutory appeal] to the United States Court of Appeals from this court's denial of her application to proceed without prepayment of fees. (On file).

3) On 10/13/04, the Appeals Court denied plaintiff's interlocutory appeal, declaring that this court did not error in denying plaintiff's request for in forma pauperis status. (On file).

4) As of date, plaintiff's personal funds have depleted drastically since her original filings above, due to necessary 'weekly' personal hygiene supply's, legal supply's, as well as necessary clothing purchases. See Affidavit of the Plaintiff,

-2-

Sandy J. Battista, #M-15930, attached in support herewith.

5) The district court is provided discretion to reevaluate an applicant's in forma pauperis status once their financial status has changed. See, e.g., Wildeman vs. Harper, 754 F.Supp. 808, 809 (D.Nev. 1990).

6) Without this court's reevaluation of plaintiff's financial status, she will be forced to abandon her claims and unable to refile them at a later date, due to the statute of limitations having since passed. 1/

7) Plaintiff hereby attaches her Application to Proceed Without Prepayment of Fees and Affidavit in support.

WHEREFORE, it is respectfully prayed that this Court ALLOWS this motion, and it's Order issue granting plaintiff's Application to Proceed Without Prepayment of Fees.

Dated: 10/22/04.                Respectfully submitted,

_____
Sandy J. Battista, #M-15930
Plaintiff/Pro-se
Mass. Treatment Center
30 Administration Rd.
Bridgewater, Mass. 02324

_____

[2] Section 1983 suit is governed by Massachusetts' three-year statute of limitations for personal injury. See Johnson vs. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991).