```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

SANDY BATTISTA,                )
          Plaintiff,           )
                               )
     v.                        )  C.A. No. 04-10890-MEL
                               )
MARYANNE PERCUOCO, et al.,     )
          Defendants.          )
```

## ORDER ON APPLICATIONS TO PROCEED WITHOUT PREPAYMENT OF FEES AND ORDER ON MOTION FOR REEVALUATION RE: #5 MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

On May 24, 2004, I denied plaintiff Sandy Battista's application to proceed without prepayment of fees in this action. Battista appealed that decision to the First Circuit, and has also filed a motion in this Court for leave to proceed without prepayment of fees on appeal. (Docket No. 9). On October 13, 2004, the First Circuit affirmed, holding that Battista has sufficient funds to pay the filing fee in this action, as well as several other actions filed by him[1]. (Docket No. 10).

Shortly after the First Circuit's affirmance, plaintiff Sandy Battista filed two subsequent motions on the *in forma*

---

[1] The First Circuit held the same in the following other cases: Battista v. Maceachern, et al., C.A. 04-10779-DPW; Battista v. Murphy, et al., C.A. 04-10226-MEL (voluntarily notice of dismissal by Plaintiff Battista filed on November 1, 2004) and Battista v. Murphy, et al.,C.A. 03-12643-MEL (voluntarily notice of dismissal filed by Plaintiff Battista on November 1, 2004).

*pauperis* issues; a Motion to Reevaluate *in forma pauperis* status (Docket No. 11, dated November 1, 2004), and a Motion/Application for leave to proceed *in forma pauperis* (Docket No. 13, dated November 1, 2004).  As grounds for these new motions, plaintiff Battista states there has been a change in his financial status since the initial denial of *in forma pauperis status*, and that his prison account balance is currently $153.99. (Docket No. 13, Affidavit of Plaintiff, ¶8). Plaintiff claims to have spent the money to buy "necessary 'weekly' personal hygiene supply's [sic], legal supply's [sic] as well as necessary clothing purchases." (Docket No. 10, page 1).  Plaintiff cites to <u>Wildeman v. Harper</u>, 754 F. Supp. 808, 809 (D. Nev. 1990) for the proposition that the district court has discretion to reevaluate an applicant's *in forma pauperis* status upon a change in financial circumstances.  That case, a pre-1996 PLRA case, involved the revocation of *in forma pauperis* status of a prisoner who received substantial settlement monies subsequent to the filing of the complaint. The Chief Judge remanded the case to the Magistrate reviewing *in forma pauperis* status, directing the Magistrate to consider, *inter alia*, the validity of the prisoner's contention that he used the monies to support his dependent mother, and therefore his *in forma*

*pauperis* status should not be revoked. <u>Wildeman</u>, 754 F. Supp. at 813. In a similar pre-PLRA case, <u>Murphy v. Jones</u>, 801 F. Supp. 283 (E.D. Mo. 1992), the financial condition of the prisoner Plaintiff had improved and the Court examined the retroactive effect this had on *in forma pauperis* status. In determining whether the Plaintiff's allegation of poverty is untrue, the Court took into account "all relevant changes in plaintiff's financial condition, both prior to and subsequent to the filing of the suit..." <u>Murphy</u>, 801 F. Supp. at 289, *citing* <u>Carter v. Telectron, Inc.</u>, 452 F. Supp. 939, 942 (S.D.Tex. 1976). Of special importance was the consideration that a plaintiff not intentionally deplete assets which otherwise could have been used for the litigation. The Court noted:

> Prior to <u>Carter</u>, several courts held that a plaintiff's financial dealings during the time period immediately preceding the filing of the suit could be examined to determine whether plaintiff had intentionally shifted or wasted assets that otherwise could have been used to finance the suit. <u>In re Stump</u>, 449 F.2d 1297, 1298 (1st Cir. 1971); <u>Dreyer v. Jalet</u>, 349 F. Supp. 452, 460 (S.D. Tex. 1972). This approach is consistent with Congress' intent to remove economic barriers which might deny access to the federal courts. A prosperous person does not face the same economic barriers to initiating a lawsuit as an indigent person. <u>Congress' intent is not furthered when a person intentionally disables his finances solely to take advantage of [in forma pauperis status]</u>. <u>Such a person commits a fraud on the Court, as surely as the person who flagrantly understates his financial holdings</u>.

<u>Murphy</u>, 801 F. Supp. at 288. (emphasis added)

Here, in Plaintiff Battista's initial Application to Proceed *in forma pauperis*, filed May 3, 2004, Plaintiff avers he has assets of $1000, and the recent filing of the Inmate Transaction Report from the Massachusetts Treatment Center shows Plaintiff had a balance of $1139.04 in the account as of April 1, 2004. Since that time, Plaintiff has depleted approximately $985 from this account (thus averaging approximately $200 per month in expenses), with recent substantial withdrawals made from that account on a regular basis (for example, Canteen withdrawals exceeding earlier withdrawal amounts, $32.40 and $29.40 to Edward Hamilton, Bookseller, and $192.98 clothing order). While not deciding the issue at this time, such rapid dissipation of assets undermines the bona fides of Plaintiff's statement that the expenditures were required for necessities; rather, this may suggest a deliberate attempt on the part of the Plaintiff to deplete assets in order to gain *in forma pauperis* status.

Accordingly, I deny the Motion to Reevaluate *in forma pauperis* status (Docket No. 11), and deny the Applications to proceed without prepayment of fees on appeal (Docket Nos. 9 and 13). These denials are without prejudice to the Plaintiff submitting a renewed Motion for leave to proceed in forma pauperis, accompanied by a detailed Affidavit explaining each

specific expenditure outlined in the Inmate Transaction Report from the Massachusetts Treatment Center since May 24, 2004 (the date of denial of in forma pauperis status) and the reason therefore, within 35 days of this Order.  Failing to do so, this action shall be dismissed without prejudice without further notice.

SO ORDERED.

Dated at Boston, Massachusetts, this 3rd day of November, 2004.

/s/ Morris E. Lasker
MORRIS E. LASKER
UNITED STATES DISTRICT JUDGE